## MONHOLLEN *v.* STATE OF INDIANA.

[No. 30,178. Filed December 11, 1962. Rehearing denied January 30, 1963.]

*William C. Erbecker*, of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Carl E. Van Dorn,* Deputy Attorney General, for appellee.

ARTERBURN, J.—The appellant was tried by the court and found guilty of assault and battery with intent to murder and was sentenced to the Indiana State Reformatory for a period of not less than one (1) nor more than ten (10) years. The conviction is appealed to this court on the ground that the evidence was not sufficient to sustain the finding of the trial court. It is argued by the appellant that "there is no evidence in the record from which the trial court could justifiably infer the appellant's guilt beyond a reasonable doubt, and the evidence was totally inadequate to sustain the finding of assault with intent to murder with reference to the appellant and indeed the evidence showed that appellant's brother had the gun at the time and place in question."

On appeal we must consider only the evidence most favorable to the appellee. In brief, it shows that Frederick Ray, the father of appellant's wife, came to the appellant's residence late in the evening on January 14, 1961, at the telephone call of the wife. She asked him to come and get her and take her to his home. Ray testified that his daughter had called him numerous times before when her husband, the appellant, had beaten her. A friend of Ray's accompanied him to the home and when Ray entered the house, after knocking, he was struck and beaten by the appellant. The wife shouted at the time: "He's killing daddy, get him off." The appellant, when pulled off Ray, ran to the bedroom and the daughter shouted: "He's getting his gun." When Ray got to the bedroom the appellant had already seized a rifle and was opening the breech. The appellant later told the sheriff. "If I had got to the shells I would have killed

that s.o.b." The appellant, when the rifle was taken away from him, said: "We are going to kill you." The appellant then left the house, went to his brother's home two blocks distant, and obtained a shotgun from his brother's bedroom. The appellant's brother confirmed this fact in a statement to the deputy sheriff. Appellant admitted that he later fired the shotgun at Ray but denied the statement later on the stand. When the police arrived, Ray was holding the appellant. Ray's automobile was "shot up." Shot marks could be observed from photographs which were introduced into evidence.

Appellant's contention that his brother fired one of the shots toward the end of the fight is not sufficient to overcome the evidence in general, upon which the finding of the court was made. There is no question that in the beginning of the fight the appellant attempted to get and load a rifle in his own home and later went to his brother's home and obtained a shotgun. The fact that it may have changed hands at one time during the conflict does not negate the fact that there is evidence sufficient to show that the appellant intended to kill Ray. The evidence shows that appellant even urged his brother to "shoot the s.o.b.—hurry up, shoot."

We have said:

"But whether appellant was an aider, or abettor, or a principal, does not appear from the face of the indictment. The indictment charged him with the offense, and accessories, and aiders, and abettors may be charged and tried in the same manner as principals." *Peats* v. *State* (1938), 213 Ind. 560, 566, 12 N. E. 2d 270, 274.

Burns' §9-102, 1956 Repl. also provides that in such a case the aider or abettor of a felony "may be

... tried and convicted in the same manner as if he were a principal. ...."

It is our opinion that the evidence is sufficient to support the finding of the court.

Judgment of the trial court is affirmed.

Landis and Achor, JJ., concur.

Jackson, C. J., dissents without opinion.

Bobbitt, J., not participating.

NOTE.—Reported in 186 N. E. 2d 573.